# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REXFORD PROPERTIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>AGCS MARINE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No.  1:23-cv-00276-NODJ-SAB<br><br>ORDER GRANTING MOTION FOR PROTECTIVE ORDER PENDING RESOLUTION OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(ECF Nos. 39, 41, 44) |

## I.

## INTRODUCTION

Currently before the Court is Defendants AGCS Marine Insurance Company and Allianz Global Risks US Insurance Company's (collectively, "Defendants") motion for protective order seeking a stay of discovery pending the resolution of the Defendants' pending motion for judgment on the pleadings.  (ECF Nos. 39, 41.)  Plaintiff Rexford Properties, LLC ("Plaintiff") opposes the motion.  (ECF No. 35.)  Based on the parties' joint statement related to Defendants' motion for protective order seeking a stay of discovery, the Court's record, the information presented by counsel at the hearing held on February 14, 2024, and the inability of the parties to subsequently stipulate to a modification of the scheduling order, the Court shall grant the motion and vacate the dispositive motion deadline for the reasons explained herein.

/ / /

1

## II.

## BACKGROUND

Plaintiff, the owner of Island Waterpark in Fresno, California, purchased a commercial insurance policy ("Policy") through Defendant AGCS with a policy period of November 1, 2020 to November 1, 2021.  (ECF No. 41 at 9.)  On June 21, 2021, a patron drowned in the Tidal Pool ride at Plaintiff's waterpark.  (Id. at 11.)  As a result, CalOSHA instructed Plaintiff to cease operation of the Tidal Pool and preserve it.  (Id.)  On June 25, 2021, CalOSHA and Fresno County Health Department found "black algae" had grown in the Tidal Pool, which resulted in the Tidal Pool being shut down for two and a half months to drain, clean, scrub, strip, and repaint the surface.  (Id. at 6, 11.)  Plaintiff suffered income loss and repair costs because of the shutdown.  (Id.)  Defendants dispute coverage for Plaintiff's damages.

On January 17, 2023, Plaintiff filed this insurance coverage dispute in the Superior Court of the State of California, County of Fresno, Case No. 23CECG00170 against AGCS.  (ECF No. 1.)  AGCS removed the action to this Court on February 22, 2023.  (Id.)  A scheduling order for this matter was issued on May 9, 2023.  (ECF No. 15.)  The scheduling order contains the following dates and deadlines:

1.    Non-Expert Discovery Deadline: **April 1, 2024**;

2.    Dispositive Motion Filing Deadline: **April 30, 2024**;

3.    Expert Disclosure Deadline: **July 31, 2024**;

4.    Supplemental Expert Disclosure Deadline: **August 30, 2024**;

5.    Expert Discovery Deadline: **September 10, 2024**;

6.    Pretrial Conference: **October 7, 2024**, at 1:30 p.m., in Courtroom 1; and

7.    Trial: **December 10, 2024**, at 8:30 a.m., in Courtroom 1.

(Id.)

On July 31, 2023, Plaintiff filed its first amended complaint.  (ECF No. 22 ("FAC") at 7-9.)  On August 22, 2023, AGCS filed its answer.  (ECF No. 23.)  On October 3, 2023, Allianz filed its answer.  (ECF No. 27.)

On November 13, 2023, Defendants filed a motion for judgment on the pleadings before

then-assigned District Judge de Alba.  (ECF No. 28.)  On November 27, 2023, Plaintiff filed its opposition.  (ECF No. 30.)  On December 1, 2023, Chief Judge Kimberly J. Mueller issued an order notifying the parties that, due to Judge de Alba's appointment to the Ninth Circuit Court of Appeals, the case was reassigned to No District Court Judge (NODJ) until a new district judge was appointed.  (ECF No. 32.)  On December 7, 2024, Defendants filed a reply to Plaintiff's opposition.  (ECF No. 33.)

On December 14, 2023, the parties participated in an informal discovery dispute before the undersigned.  (ECF No. 37.)  At the informal hearing, the Court reminded the parties that magistrate judges are available to conduct case dispositive proceedings; however, exercise of such jurisdiction is permitted only if all parties voluntarily consent.

On December 20, 2024, Defendants filed a notice of motion to stay discovery pending resolution of Defendants' motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 26(c).  (ECF No. 39.)  On January 31, 2024, the parties filed a joint statement pursuant to Local Rule 251 for Defendants' motion for protective order seeking a stay of discovery.  (ECF No. 41.)

The Court held a hearing on this matter on February 14, 2024.  (ECF No. 43.)  Peter Selvin appeared via video on behalf of Plaintiff, Jodi Swick and Daniella McDonagh appeared via video on behalf of Defendants.  (Id.)  At the hearing, the parties agreed to meet and confer to determine whether they could agree to stipulate to a modification of the scheduling order.  The Court took the matter under submission.

On February 15, 2024, the parties filed a joint statement regarding the extension of deadlines, wherein the parties informed the Court that they were unable to reach an agreement.  (ECF No. 44.)  The parties' requested extension dates differ significantly.  The Court finds Plaintiff's proffer is insufficient, but Defendants' proffer is excessive.  As such, the Court issues the following order granting Defendants' requested stay pending the District Judge's resolution of Defendants' motion for judgment on the pleadings.

/ / /

/ / /

### III.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking the protective order has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004) (citation omitted). Further, a stay is appropriate where it "furthers the goal of efficiency for the court and litigants." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). This coincides with the goal of Rule 1, which directs that the Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

Courts have "wide discretion in controlling discovery," including the decision to deny discovery. Little, 863 F.2d at 685. A party may seek a protective order to stay discovery pending resolution of a potentially dispositive motion upon making a "strong showing" why discovery should be denied. See, e.g., Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6)). However, the Rules "do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." Huene v. U.S. Dep't of Treasury, I.R.S., No. 2:11-CV-2110 JAM AC, 2013 WL 417747, at *7 (E.D. Cal. Jan. 31, 2013) (citing Skellercup Indus. Ltd. v. City of L.A., 163 F.R.D. 598, 600–01 (C.D. Cal. Sept. 25, 1995) (finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation. Ordinarily a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery")). A motion for a protective order seeking to preclude discovery must be supported by "good cause" and a "strong showing." Doe v. Rodriguez, No. 1:22-CV-01569 JLT SAB, 2023 WL 2794027, at *2 (E.D. Cal. Apr. 5, 2023) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

While the Ninth Circuit has not announced a clear standard against which to evaluate a request or motion to stay discovery in the face of a pending, potentially dispositive motion,

1    district courts in the Ninth Circuit, including this Court, often apply a two-pronged test.  Doe,

2    2023 WL 2794027, at *3.  First, the Court must find that "the pending motion is potentially

3    dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed."

4    Id.  Second, the Court must determine "whether the pending, potentially dispositive motion can

5    be decided absent additional discovery."  Id.  Under this test, a protective order is appropriate

6    where the moving party satisfies these two prongs, but discovery should proceed if either prong

7    of the test is not met.  Id.

8                                                  **IV.**

9                                            **DISCUSSION**

10           Determining whether a stay of discovery pending the outcome of a dispositive motion is

11   warranted requires a case-by-case analysis because the inquiry is necessarily fact-specific and

12   depends on the particular circumstances and posture of each case.  Defendants argue discovery

13   has reached a logical stopping point and request the instant stay of discovery before the parties

14   engage in costly non-expert and expert depositions while Defendants' motion for judgment on

15   the pleadings is pending before the unassigned District Judge.  Plaintiff agrees depositions are

16   the primary remaining source of discovery that is left in this action.  However, Plaintiff argues an

17   indefinite stay would prejudice Plaintiff's ability to obtain meaningful deposition testimony.

18        **A.    The Pending Motion is Potentially Dispositive of Plaintiff's Claims**

19           In evaluating whether a stay should issue, district courts evaluate the dispositive nature of

20   the underlying motion in various manners.  Some courts, in taking a "peek" at the merits of the

21   potentially dispositive motion, have conducted fairly in-depth analyses of the underlying motion,

22   sometimes requiring the defendant establish a strong likelihood of success on the merits in order

23   to receive a stay of discovery.  See, e.g., Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.,

24   Civ. No. S–10–1207 GEB GGH, 2011 WL 130228 (E.D. Cal. Jan. 14, 2011) ("peeking" at

25   merits of underlying dispositive to determine whether there was "no question ... that the

26   dispositive motion will prevail, and that therefore, discovery is a waste of effort."); Quest

27   Commc'ns Corp. v. Herakles, LLC, No. 2:07-cv-00393-MCE-KJM, 2007 WL 2288299 (E.D.

28   Cal. Aug. 8, 2007) (evaluating likelihood that leave to amend would be granted to determine

whether underlying motion was truly dispositive); <u>Seven Springs Ltd. P'ship v. Fox Cap. Mgmt. Corp.</u>, No. S-07-0142 LKK GGH, 2007 WL 1146607 (E.D. Cal. Apr. 19, 2007) (requiring defendant to show by clear and convincing evidence it would prevail on the merits of its dispositive motion in order to obtain a stay of discovery); <u>but see</u> <u>GTE Wireless, Inc. v. Qualcomm, Inc.</u>, 192 F.R.D. 284 (S.D. Cal. 2000) (on reconsideration to district judge, magistrate judge's requirement that it be "immediately certain" or "foregone conclusion" that pending dispositive motion would be granted, when ruling on stay motion, was clear error). However, with respect to the instant matter, it is the District Judge, and not this Court, who is responsible for resolving Defendants' underlying motion for judgment on the pleadings. Accordingly, this Court's "peek" at the merits, while consistent with the general practice of courts in this District, is limited.

Based on its limited "peek" at the merits, the Court has determined that the underlying motion, if successful, would be fully dispositive of Plaintiff's claims as asserted against the moving Defendants. Defendants' motion attacks the FAC by raising a colorable argument that all alleged causes of Plaintiff's loss—whether it is the drowning incident, the CalOSHA shutdown, or the "black algae" contamination—are excluded under the clear and unambiguous terms of the Policy.[1]  "Under California law, the 'interpretation of an insurance policy is a question of law'— not fact— to be answered by the Court.  <u>Zurich Am. Ins. Co. v. Wm. Bolthouse Farms, Inc.</u>, No. 1:21-CV-0783 NONE JLT, 2021 WL 4493532, at *5 (E.D. Cal. Oct. 1, 2021) (granting a motion to stay discovery where a motion for judgment on the pleadings was premised on interpretation of an insurance policy) (citations omitted).  Without adopting an interpretive position of the Policy and its exclusions, the Court is satisfied that Defendants' motion has merit and would be dispositive if the District Judge found it precluded coverage of Plaintiff's claims.  Accordingly, the first prong of the test is satisfied.

/ / /

---

[1] Beyond this finding, this Court declines to conduct an in-depth review of the underlying merits of the motion presently before the District Judge.  In their *thirty-page* joint statement, the parties delve deep into the merits of Defendants' motion in their efforts to show the motion is or is not dispositive.  To conduct an in-depth review would be procedurally awkward and judicially inefficient. The Court emphasizes that no pronouncement of this Court concerning the merits of the pending dispositive motion binds the District Judge in any way.

**B.    The Pending Dispositive Motion Can Be Decided Absent Additional Discovery**

A motion for judgment on the pleadings speaks to purely legal issues and the sufficiency of Plaintiff's allegations.  See Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987) (holding district court did not abuse its discretion in denying discovery when the complaint did not raise factual issues requiring discovery to resolve); see also Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (holding that on the facts presented, "discovery could not have affected" the district court's preliminary decision regarding issues of immunity).  A court may not consider materials outside the pleadings in deciding a motion for judgment on the pleadings, and if such materials are presented and not excluded, the motion must be treated as a motion for summary judgment under Rule 56.  See Fed. R. Civ. P. 12(d).

While Plaintiff makes a colorful argument that Defendants' motion relies on materials that are extraneous to the pleadings, the Court reiterates that it is the District Judge, and not this Court, who is responsible for resolving Defendants' underlying motion, including deciding whether to consider or rely on exhibits attached to Defendants' answer.  Further, in arguing that Defendants' motion must be treated as a motion for summary judgment and Plaintiff must be given a reasonable opportunity to present all material pertinent to the motion, Plaintiff does not state with particularity what additional discovery would be required.

The question relevant to the instant motion for stay of discovery is whether the motion for judgment on the pleadings can be decided without additional discovery.  Plaintiff briefly argues that resolution requires interpretation of ambiguous policy provisions "without the benefit of extrinsic evidence of meaning."  (ECF No. 41 at 28.)  Plaintiff, however, does not specify with particularity what "extrinsic evidence" needs to be discovered through the remaining non-expert depositions or expert discovery to allow the District Judge to interpret the Policy provisions.

Because Plaintiff filed the FAC after discovery commenced, the timing of this motion is unique.  The parties have been engaged in discovery since May 2023.  (See ECF No. 36.)  The parties agree they have largely completed written discovery, "have engaged in significant document discovery," and depositions are the primary source of discovery that remains.  (ECF

No. 41 at 29.)  Defendants' motion is fully briefed, and no party makes an argument within those briefs that specific additional discovery is required.  Because the issue of coverage is a matter of law and Plaintiff fails to point to specific extrinsic evidence that still needs to be discovered to determine whether the Policy precludes coverage of Plaintiff's claims, the Court finds the motion for judgment on the pleadings can be determined without any additional discovery.  Accordingly, the second prong of the test is satisfied.

### C.    Balancing the Harms of the Stay

Even if the two prongs are met, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery."  Huynh v. Sutter Health, No. 2:20-CV-1757-MCE-CKD, 2021 WL 2268889, at *7 (E.D. Cal. June 3, 2021) (citations omitted).  "The Court also considers the potential prejudice to Plaintiff, as it is a significant consideration to the instant matter."  Walker v. Higher Educ. Loan Auth. of the State of Missouri, No. 1:21-CV-00879 DAD SAB, 2022 WL 1460021, at *6 (E.D. Cal. May 9, 2022).

Due to the appointment of Judge de Alba to the Ninth Circuit, no District Judge is currently assigned to the pending action.  When Defendants filed their motion for judgment on the pleadings, then-assigned District Judge de Alba notified the parties that her caseload was backlogged by more than 130 motions.  (ECF No. 29.)  At that time, the parties were advised to reconsider Magistrate Judge consent for all purposes or for the limited purpose of deciding the motion.  The parties were cautioned it may take months before the motion was resolved.  While a new District Judge has recently been appointed, it is all but guaranteed that Defendants' motion for judgment on the pleadings will not be decided before the April 1, 2024 non-expert discovery deadline expires, absent Magistrate Judge consent.

Defendants argue that continuing with discovery while the potentially dispositive motion for judgment on the pleadings is pending places a burden on the Court to hear unnecessary discovery issues and resolve additional motions.  Further, Defendants contend that moving forward with fact and expert discovery would necessitate significant time and financial resources from all parties.  According to Defendants, continuing with discovery is wasteful and

1   unproductive when the pleadings alone could potentially resolve the entire matter or, at a

2   minimum, significantly alter the nature of the litigation.  On the other hand, Plaintiff argues that

3   memories will fade, witnesses may disappear, and evidence may be lost or displaced.  Further,

4   Plaintiff avers that the indefinite stay requested by Defendants would require the parties to

5   expend significant resources "getting back up to speed" after the stay expires. In response,

6   Defendants aver that loss of evidence in this matter is not at issue given no party retained a

7   sample of the "black algae."  (Id. at 21.)  Further, Defendants argue the risk that the memory of

8   key witnesses will fade is minimal because all critical inspections and witness reports were

9   documented or recorded.  (Id.)

10          On balance, the Court finds the potential harm identified by Plaintiff does not outweigh

11  the entry of a stay of discovery.  The Court finds Plaintiff's concerns regarding potential loss of

12  evidence and witnesses understandable, but speculative.   The Court also acknowledges

13  Plaintiff's concerns regarding the pause in development of this unique case where written

14  discovery has been generally completed and where the "parties have engaged in significant

15  document discovery." (Id. at 29.)  However, it would undoubtedly be an inefficient use of time

16  and resources for both parties—and the Court if any further discovery disputes arose in the

17  interim—to continue with non-expert discovery, expert disclosures, and expert discovery only to

18  have the pending motion for judgment on the pleadings be granted.  See Little, 863 F.2d at 685

19  (noting a stay is appropriate where it "furthers the goal of efficiency for the court and litigants.")

20  The Court's duty is to balance Plaintiff's proffered harm produced by a delay against the

21  possibility that the motion will be granted entirely on the pleadings and eliminate the need for

22  further discovery.  The Court concludes that on balance, the harm of allowing non-expert and

23  expert discovery to continue outweighs the harm of staying discovery.

24          **D.    The Court Stays the April 30, 2024 Dispositive Motion Deadline**

25          At the hearing, Defendants confirmed that if the discovery deadlines are stayed, the

26  imminently approaching dispositive motion deadline should be stayed as well.  The Court agrees.

27  It would be an inefficient use of the parties' resources to fully brief another dispositive motion by

28  April 30, 2024, when, as discussed above, the pending motion is potentially dispositive.

At the hearing, the parties agreed to meet and confer to attempt to come to an agreement to extend the deadlines rather than impose a protective order.  The parties were unable to reach a compromise.  (See ECF No. 44.)  As to the parties' efforts regarding the dispositive motion deadline, Plaintiff proposes an extension to July 30, 2024 and Defendants propose an extension until January 30, 2025.  The Court finds Plaintiff's proposed date does not allow the recently appointed District Judge sufficient time to decide the currently pending motion for judgment on the pleadings and the Court optimistically rejects Defendants' proposed date as being excessive. As such, the Court shall also vacate the dispositive motion deadline in the interests of preserving the parties' resources, judicial economy, and to be consistent with the stay imposed on all the discovery deadlines in this action.

If necessary, the Court will expeditiously reopen discovery and reset the discovery, dispositive motions, and expert deadlines after the motion for judgment on the pleadings is resolved.

**V.**

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Defendants' motion for protective order seeking a stay of discovery pending adjudication of Defendants' motion for judgment on the pleadings is GRANTED;

2.      All non-expert and expert discovery, including expert disclosures, is STAYED until further order of the Court; and

3.      The April 30, 2024 dispositive motion deadline is VACATED.

IT IS SO ORDERED.

Dated:   __**February 23, 2024**__                    _____

UNITED STATES MAGISTRATE JUDGE